```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**DENAINE L. ALLEN,**

                      Petitioner,

      v.                                    CASE NO. 11-3184-RDR

**UNITED STATES OF AMERICA,**

                      Respondent.

## O R D E R

Before the court is a pro se petition titled as seeking a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), and initially submitted his motion to the United States District Court for Western District of Missouri. That court transferred the matter to this court pursuant to 28 U.S.C. § 1404, noting it lacked jurisdiction over petitioner's current custodian, and further noting:

> "that had this case been filed pursuant to 28 U.S.C. § 2255, which probably would have been more appropriate given the relief petitioner seeks, then this Court would have had jurisdiction to entertain his claims. However, petitioner has filed this case pursuant to 28 U.S.C. § 2241. Consequently, transfer is necessary as only the District of Kansas has personal jurisdiction over petitioner's custodian."

The remedies provided under § 2241 and § 2255 are distinct and well-established. "A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its

validity and must be filed in the district where the prisoner is confined. A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence." *Brace v. U.S.*, 634 F.3d 1167, 1169 (10th Cir.2011)(internal quotation marks and citation omitted).

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255. Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Id*. As courts have observed, however, "§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction." *Id*. (quotation marks and citation omitted). "The petitioner bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective." *Id*. (citations omitted).

In the present case petitioner alleges he is illegally confined, alleges error in the sentence imposed for his conviction in the Western District of Missouri,[1] and seeks resentencing. As the transferring court noted, these allegations and the relief sought are more appropriate under § 2255. The record discloses, however, no attempt by petitioner to restyle his petition as a § 2255 motion for transfer back to the sentencing court, and petitioner makes no showing that the remedy afforded under § 2255 is

---

[1] *See U.S. v. Allen*, 320 Fed.Appx. 488 (8th Cir.2009)(government did not breach plea agreement for Allen's guilty plea).

inadequate or ineffective.[2]  Absent such a showing, this court lacks jurisdiction to consider petitioner's claims.  *See*  28 U.S.C. § 2255(e); *Gibson v. Fleming*, 28 Fed.Appx. 911, 913 (10th Cir.2001)(court is to dismiss § 2241 habeas petition without prejudice for lack of jurisdiction where petitioner challenged federal conviction or sentence and did not show § 2255 remedy was inadequate or ineffective)(*citing Bradshaw v. Story*, 86 F.3d 164, 166-67 (10th Cir.2001)).

Petitioner is therefore directed to show cause why the instant § 2241 petition should not be summarily dismissed without prejudice for lack of jurisdiction.  The failure to file a timely response may result in the petition being dismissed without further prior notice.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days from the date of this order to show cause why the instant petition seeking relief under 28 U.S.C. § 2241 should not be dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:  This 8th day of February 2012, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[2] The court notes that the instant action, initiated in October 2011, would likely fall outside the one year limitation period for seeking relief under § 2255.  *See* 28 U.S.C. § 2255(f).  The fact that such relief may now be precluded by petitioner's noncompliance with the statutory requirements for proceeding under § 2255 does not in itself establish that the remedy under § 2255 is inadequate or ineffective.  See *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).