IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DENAINE L. ALLEN,**

                Petitioner,

      v.                            CASE NO. 11-3184-RDR

**UNITED STATES OF AMERICA,**

                Respondent.

**O R D E R**

Before the court is a pro se petition titled as seeking a writ of habeas corpus under 28 U.S.C. § 2241, filed by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas. Petitioner alleges he is illegally confined, alleges error in the sentence imposed in 2007 for his conviction in the Western District of Missouri,[1] and seeks resentencing to correct sentencing error in his criminal history score.

By an order dated February 8, 2012, the court directed petitioner to show cause why the petition should not be dismissed for lack of jurisdiction under § 2241 to address petitioner's claims because petitioner made no showing satisfying the "savings clause" in § 2241 which allows for review of petitioner's challenge to the legality of the sentence imposed in his criminal proceeding only if petitioner demonstrates the remedy afforded by § 2255 was inadequate or ineffective. See *Brace v. U.S.*, 634 F.3d 1167, 1169 (10th

---

[1] See *U.S. v. Allen*, 320 Fed.Appx. 488 (8th Cir.2009)(government did not breach plea agreement for Allen's guilty plea).

Cir.2011).

In response, petitioner reasserts his allegation of error by the sentencing court, and claims § 2255 is inadequate and ineffective because any attempt to now seek relief under that section would be time barred. *See* 28 U.S.C. § 2255(f)(setting one year limitations period). Petitioner contends this renders the relief afforded under § 2255 inadequate and ineffective. This contention has no merit.

Petitioner's exclusive remedy on his allegation of error is a § 2255 motion in the sentencing court.[2] The limitations period in § 2255(f) does not establish that the remedy provided by § 2255 is inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir.1999). Accordingly, because petitioner has not satisfied the "savings clause" in § 2255(e), this court lacks jurisdiction under § 2241 to consider petitioner's claims.

IT IS THEREFORE ORDERED that the petition is dismissed without prejudice

**IT IS SO ORDERED.**

DATED:  This 28th day of March 2012, at Topeka, Kansas.

                                   s/ Richard D. Rogers
                                   RICHARD D. ROGERS
                                   United States District Judge

---

[2] *Compare also, Robinson v. Ledezma*, 399 Fed.Appx. 329, 329-30 (10th Cir.2010)(§ 2255 motion not unavailable for habeas petitioner's first challenge to conviction and sentence on greater offense that was based on stipulated facts establishing only a lesser offense; given substantive nature of claim and a facially plausible excuse for delay in recognizing and asserting it, petitioner had colorable argument for seeking equitable tolling of § 2255(f) limitations period)(unpublished).